1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9   RAFAEL ANTONIO ESPINA,                     CASE NO. 1:04-CV-05884 OWW LJO P

10                        Plaintiff,           ORDER GRANTING DEFENDANT SPACK'S
                                               MOTION TO SET ASIDE ENTRY OF
11         v.                                  DEFAULT AND SETTING ASIDE DEFAULT

12   JESUS MAGALLANES, et al.,                 (Docs. 48 and 50)

13                        Defendants.          ORDER REQUIRING DEFENDANT SPACK
                                               TO FILE A RESPONSE TO PLAINTIFF'S
14                                             COMPLAINT WITHIN TWENTY DAYS

15   _____/

16         On June 30, 2006, the Court issued an order requiring defendant Robert Spack, M.D.

17   ("defendant") to file a response to plaintiff Espina's ("plaintiff") amended complaint within twenty

18   days or default would be entered against him.  On August 1, 2006, after more than twenty days

19   passed and defendant did not comply with or otherwise responded to the Court's order, the Court

20   directed the Clerk of the Court to enter default.  On August 7, 2006, defendant filed a motion to set

21   aside entry of default.  Plaintiff did not file a response.  Local Rule 78-230(m).

22         Once default has been entered against a defendant, a court may, "[f]or good cause shown

23   . . . set aside an entry of default . . . ."  Fed. R. Civ. P. 55(c).  "The court's discretion is especially

24   broad where, as here, it is entry of default that is being set aside, rather than default judgment."

25   O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard

26   Mgmt., 783 F.2d 941, 945 (9th Cir. 1986)); see also Brady v. United States, 211 F.3d 499, 504 (9th

27   Cir. 2000).  "'Where timely relief is sought from a default . . . and the movant has a meritorious

28   defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that

1

1    cases may be decided on their merits.'" Mendoza, 783 F.2d at 945-46 (quoting Schwab v. Bullock's,

2    Inc., 508 F.2d 353, 355 (9th Cir. 1974) (internal quotations and citation omitted)).

3    In this instance, defendant Spack did not understand upon receiving and signing the waiver

4    that any further action was required.  (Doc. 50, Spack Dec., ¶4.)  Immediately upon receiving the

5    Court's order directing him to file a response, defendant forwarded the order via facsimile machine

6    to the human resources department at Taft Correctional Institution ("TCI") and spoke via telephone

7    to Ed Ochoa, Executive Assistant at TCI.  (Id., ¶¶5, 6.)  Defendant was assured that the order would

8    be forwarded to the corporate office and handled on defendant's behalf.  (Id., ¶6.)  Defendant

9    believed that a response to the order would be filed by the deadline set in the order.  (Id.)  On August

10   3, 2006, immediately after receiving the Court's order directing entry of default filed on August 1,

11   2006, defendant contacted corporate headquarters and was subsequently advised that counsel had

12   been retained for him.  (Id.)  That day, counsel was retained for defendant.  (Doc. 50, Kellar Dec.,

13   ¶4.)

14   The Court finds that defendant has shown good cause for his failure to timely respond to

15   plaintiff's amended complaint.  Defendant mistakenly believed no further response was due after

16   waiving service, and upon receipt of the Court's order immediately took action by contacting TCI.

17   After believing no further action was necessary upon reassurance that the situation would be handled

18   on his behalf, defendant immediately contacted corporate headquarters upon receipt of the order

19   entering default.  Counsel was retained that day for defendant, and the instant motion to set aside

20   default was filed by counsel less than one week after retainer.  There is no prejudice to plaintiff and

21   the Court cannot find that defendant does not have a meritorious defense.

22   Accordingly, it is HEREBY ORDERED that:

23   1.    Defendant Spack's motion to set aside the entry of default against him, filed August

24         7, 2006, is GRANTED;

25   2.    Entry of default is set aside;

26   3.    Defendant Spack shall file a response to plaintiff's amended complaint within **twenty**

27         **(20) days** from the date of service of this order; and

28   ///

1      4.     The failure to comply with this order may result in the imposition of sanctions.

2

3   IT IS SO ORDERED.

4   **Dated:     September 1, 2006**                    **/s/ Lawrence J. O'Neill**
    b9ed48                                UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28