# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL ANTONIO ESPINA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JESUS MAGALLANES, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　／ | CASE NO. 1:04-cv-05884-LJO-NEW (DLB) PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(Doc. 62) |

　　　　Plaintiff Rafael Antonio Espina ("plaintiff") is proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. On February 1, 2007, the Court ordered plaintiff to file an opposition or a statement of non-opposition to defendant Sabal's motion for summary judgment within thirty days or this action would be dismissed with prejudice for failure to prosecute and failure to obey a court order. More than thirty days have passed and plaintiff has not complied with or otherwise responded to the Court's order.[1]

　　　　Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where

---

[1] The Court's recent notice regarding the reassignment of this action was returned by the United States Postal Service with a notation that the forwarding address service had expired. (Doc. 64.) Plaintiff has not notified the Court of any change in his address.

appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this action has been pending since June 24, 2004. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order requiring plaintiff to file an opposition or a statement of non-opposition expressly stated: "[P]laintiff is HEREBY ORDERED to file an opposition or a statement of non-opposition to defendant's motion within **thirty (30) days** from the date of service of this order or

this action will be dismissed with prejudice for failure to prosecute and failure to obey a court order." Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, this action is HEREBY DISMISSED, with prejudice, based on plaintiff's failure to obey the Court's order of February 1, 2007, and failure to prosecute.

IT IS SO ORDERED.

**Dated:   March 12, 2007**            /s/ Lawrence J. O'Neill
b9ed48                                     UNITED STATES DISTRICT JUDGE